

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 5, 1963

Honorable Edwin E. Merriman          Opinion No. C-171
Chairman, Texas State Board
   of Public Accountancy          Re:  Constitutionality and
Perry-Brooks Building                     construction of Article
Austin 1, Texas                           41a, Sec. 4(a), V.C.S.
                                          (Public Accountancy Act).

Dear Mr. Merriman:

     You have requested the opinion of this office as
to the constitutionality of Article 41a, Section 4(a),
Vernon's Civil Statutes.  In the event the questioned
provision is held to be constitutional, you have asked
that we construe the provision with reference to the terms
of office to which it applies.

     In 1961, the 57th Legislature enacted Senate Bill
No. 100, Chapter 289, page 608, amending the Public Ac-
countancy Act of 1945, codified as Article 41a, Vernon's
Civil Statutes.  Among other amendments was a new section
numbered 4(a) which reads as follows:

> "Sec. 4. (a)  A Board member, who
> has served as a member for six (6) con-
> secutive years, shall not be eligible
> for reappointment until a lapse of two
> (2) years shall have occurred between
> the end of the term of his last prior
> appointment and the beginning of the new
> term of a new appointment."

     In the brief accompanying your opinion request, it
is concluded that the above-quoted provision is unconstitu-
tional for the reason that a Board member is a public of-
ficer, that the Constitution of Texas (Article XVI) de-
lineates those disqualified from holding public office, and
that the provision unconstitutionally imposes an additional
requirement for office.  We are forced to disagree with this
conclusion.

     There is no doubt that the position of a member of
the State Board of Public Accountancy is a position of public
trust within the terms of Article XVI, Sections 33 and 40,
Texas  Constitution.  These provisions are aimed at the

problem of dual office holding.   Such a Board member is also a public officer within the meaning of the constitutional provisions heretofore cited, disqualifying certain persons from holding public office.   But it is going too far to attempt to say that the Legislature may impose no standards upon a Board member other than those imposed by the Constitution.

The cases to which we have been cited in support of the proposition that Section 4(a) is unconstitutional all involve qualification for an elective office.   For such an office on the State level, the qualifications are imposed by the Constitution, and we certainly agree that the Legislature may not alter them.   But such is not the case with the various State Boards and administrative agencies that have been created by the Legislature alone.

The Constitution creates no special standard for membership on the Board of Public Accountancy.   Indeed, it does not even make mention of this Board.   And the same is true of the large number of professional boards that have been established by the Legislature.   To say that the Legislature may impose no standard of its own volition would mean that the Legislature would be unable to require that a member of the Board of Medical Examiners be a doctor, that a member of the Board of Architectural Examiners be an architect, ad infinitum.   Membership on these Boards is not a constitutional right as to which the Legislature may not impose a classification or limitation.

Article XVI, Section 30a, of the Texas Constitution provides that the terms of various State Board members may be extended to six years.   It further provides ". . . vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section."   It is the opinion of this office that the Legislature, in enacting Article 41a, Section 4(a), Vernon's Civil Statutes, was acting in compliance with Article XVI, Section 30a, and did not exceed its constitutional powers.

With reference now to the second part of your opinion request, regarding the proper construction of Article 41a, Section 4(a), Vernon's Civil Statutes, quoted above, it is the opinion of this office that the provision is clear and unambiguous.   This provision went into effect 90 days after May 29, 1961, the date of adjournment of the regular session of the 57th Legislature.   Although it has been contended that the provision was meant to be purely prospective in nature,

and apply only to those members who commenced six year terms after the effective date of the act, such is not the clear effect of the act.

From the words used at the outset of Section 4(a), the retroactive effect is patent:  "A Board member, who has served as a member for six (6) consecutive years, . . ." (emphasis supplied).  The general rule is that a statute is always construed to operate prospectively only unless a contrary construction is evidently required by plain and unequivocal language in the statute.  Government Personnel Mutual Life Insurance Co. v. Wear, 151 Tex. 454, 251 S.W.2d 525 (1952).  Such plain and unequivocal language is present in this enactment. It must further be noted that, were the construction to be otherwise, then the statute would have no practical effect until six years after its effective date.

We must further note that, while the statute is retroactive in its effect, it is not in violation of Article I, Section 16, Texas Constitution, since it does not operate to impair or destroy any vested right.  City of Fort Worth v. Morrow, 284 S.W. 274 (Tex.Civ.App. 1926, error ref.).

It is therefore the opinion of this office that any member of the State Board of Public Accountancy who has served as such member for six (6) consecutive years, regardless of the date of commencement of such service, is not eligible for reappointment until a lapse of two (2) years shall have occurred between the end of the term of his last prior appointment and the beginning of the new term of a new appointment.

## S U M M A R Y

Article 41a, Section 4(a), Vernon's Civil Statutes, is constitutional.

Article 41a, Section 4(a), Vernon's Civil Statutes, is interpreted to mean that any member of the State Board of Public Accountancy who has served as such a member for six (6) consecutive years, regardless of the date of commencement of such service, is not eligible for reappointment until a lapse of two (2)

Honorable Edwin E. Merriman, page 4.    (C-171)

years shall have occurred between the end of the term of his last prior appointment and the beginning of the new term of a new appointment.

Yours very truly,

WAGGONER CARR
Attorney General

By _____
Malcolm L. Quick
Assistant

MLQ:ms:zt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Jack Norwood

Brady Coleman

Jack Goodman

W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone